582

[Civ. No. 26819.   Second Dist., Div. Three.   Feb. 11, 1964.]

AIRCRAFT TANK SERVICE, INC., Plaintiff and Appellant, v. STATE BOARD OF EQUALIZATION, Defendant and Respondent.

Buchalter, Nemer, Fields & Savitch and Earl P. Willens for Plaintiff and Appellant.

Stanley Mosk, Attorney General, Dan Kaufmann, Assistant Attorney General, and Neal J. Gobar, Deputy Attorney General, for Defendant and Respondent.

SHINN, P. J.—The action is brought under California Sales and Use Tax Law (Rev. & Tax. Code, §§ 6001-7176) for a refund of sales taxes paid by plaintiff and claimed to have been in excess of the amounts due. Plaintiff's demand was for $7,234.12. Pursuant to defendant's concession that there was a partial overpayment, plaintiff had judgment for $818.39 at 6 per cent interest to February 1, 1962; plaintiff appeals from the judgment.

The facts were stipulated and were in substance the following. A part of plaintiff's business consisted of the modification of the wings of aircraft and associated work. It main-

tained a stock of wings for use as follows: a customer would bring his aircraft for inspection and an agreement would be reached respecting the changes that were desired. Due to the fact that the modification would require several months' work, the customer would continue to use the aircraft in its then condition until plaintiff was prepared to deliver wings of the same type with the modifications that had been agreed upon, whereupon one or two wings as modified would be installed and the wing or wings removed from the aircraft would be placed in plaintiff's stock for future use. Plaintiff charged the customer an amount equal to the value of the material used and a price for the labor employed in the modification, plus a percentage of profits. A tax was assessed upon the total amount of the charge. In each of seven transactions for which plaintiff paid the taxes in question a substantial portion of the charge was for material used in the modification. The basis of plaintiff's claim for refund is that the taxes should have been assessed only upon the amounts charged for the materials. It contends that it was not a seller of the modified wings but only a repairer and as such was exempt from tax liability upon the amounts that it had charged and received for labor performed in modifying the wings.

The following sections of the code are relevant, and the substance may be stated as follows: a retailer is one who makes any retail sale or sales of tangible personal property (§ 6015); a retail sale is any sale for any purpose other than resale (§ 6007); sale includes exchange (§ 6006); the sales tax is upon gross receipts (§ 6051); gross receipts is the total amount received without deduction of the cost of materials used or labor or service costs (§ 6012, first subd. (b)).

The court found the following material facts, all of which are assailed by plaintiff as unsupported by the evidence: "3. Each transaction in issue was an exchange by Plaintiff of its own property, i.e., modified aircraft wings, for consideration. 4. Plaintiff modified and substantially altered the aircraft wings which it furnished to its customers in each transaction in issue, and did not merely repair wings. The wings modified were at all times during the performance of any work thereon, Plaintiff's own property. . . . 6. In each transaction in issue, Plaintiff was not acting as a repairman or repairer. 7. In the transactions in issue, Plaintiff was not treated in a manner more burdensome than other taxpayers engaged in similar activities. 8. Plaintiff was at the time of

each transaction in issue, a retailer. In each transaction in issue, Plaintiff sold tangible personal property, i.e., its own modified aircraft wings, at retail." From these facts the following conclusions were drawn: "1. The transactions here in issue were sales and exchanges of tangible personal property within the meaning of section 6006 of the Revenue and Taxation Code. The entire gross receipts from these transactions taxed by defendant were properly subject to tax under section 6051 of the Revenue and Taxation Code. 2. Plaintiff was not entitled to deduct from its gross receipts for sales tax purposes that portion of its receipts upon the transactions in issue which it claims represents labor or service charges. 3. Defendant has not, in the transactions in issue, acted unreasonably, arbitrarily, illegally or in excess of its lawful power. 4. Defendant has not, in the transactions in issue, deprived the plaintiff of property without due process of law, or of its right to equal protection of the law. 5. Except for the amounts to the refund of which the parties have stipulated, plaintiff has not overpaid its sales tax for the period January 1, 1956 through September 30, 1958. 6. Defendant, having prevailed on all issues raised in this action, is entitled to recover its costs."

If the finding that the work was done upon wings which were the property of plaintiff has support in the evidence, the contention of plaintiff that it was not a seller of the wings at retail must fail. Plaintiff does not challenge the finding that it was the owner of the wings upon which the work was done except by asserting that it was not a seller of the wings. The plain answer to this contention is that if the wings belonged to plaintiff it was a seller at retail and was liable for the taxes which it paid. The fact of plaintiff's ownership is not open to question. Plaintiff carried in stock wings which were duplicates of wings in use on aircraft and which might require modification, a considerable part of which would be adding to the fuel capacity of the aircraft. Plaintiff's president testified that in each of the several transactions a wing was turned in by the customer for another wing and that the wings taken in were not sold by themselves but were put in plaintiff's stock in the yard and kept until there was occasion to use them in another contract or job. It is not denied by plaintiff that the wings which were turned in by the seven customers became the property of plaintiff. In fact, the question of ownership is not discussed by plaintiff and is apparently regarded as of no significance.

Plaintiff argues that since the charges to the seven customers were in the amounts of the materials and labor used in the modifications of the wings to meet the requirements of the customers, the transaction should have been treated as repairs made upon the customer's property and not sales of its own property. It is not a logical argument. Plaintiff's charges were limited to the value of the material and labor used in the modification for the reason that the wings taken in exchange were accepted as equal in value to the identical wings in plaintiff's stock before they were modified. Obviously, the taxing authority could not ignore the well established fact that plaintiff was selling its own wings and assume the nonexisting fact that plaintiff was only repairing the wings of its customers.

Although the fact that all the materials were used and the work was done upon plaintiff's own property, which was then sold to its customers, refutes plaintiff's claim to a refund, plaintiff shifts to the position that it was merely a repairer and argues that this contention finds support in a ruling of the board No. 26 (18 Cal. Admin. Code, § 1948). This ruling consists of three paragraphs which for convenience will be numbered. The substance of the ruling may be stated as follows: The ruling deals with repairs only; under paragraph 1, if the value of the parts and material used by the repairer in making a repair is substantial with relation to the entire charge, the repairer is the seller at retail of the parts and materials; under paragraph 2, the repairer is a consumer and not a seller if the value of the parts and materials is insignificant as compared with the charges for labor and other services; paragraph 3 relates to situations in which the customer turns in property in need of repair or reconditioning and receives in return not the identical property turned in but other property which is exactly the same. The intent of this paragraph appears to be that the tax is upon the amount of the charges for the property delivered to the customer, without deducting the cost of the same to the repairer. (§ 6012, first subd. (b).)

Plaintiff contends that it is a repairer under paragraph 1 and, therefore, should have been taxed only upon the materials which it used in modifying the wings to meet the requirements of its customers. Ruling 26 is clearly inapplicable. The transactions here do not differ in principle from common situations such as the following: A customer with a motor vehicle which needs "repairing or reconditioning" turns in

parts to a repairer or reconditioner and receives in return parts that have already been reconditioned or rebuilt to suit the customer's needs, the repairer keeping the parts turned in as partial consideration. Obviously, the tax should be upon the amount charged. The transfer of title to the parts furnished the customer is obviously a sale, and subject to a tax.

It is difficult for plaintiff to understand why it should be required to pay a tax upon the cost of modification of wings to be installed on a customer's aircraft when it would only be required to pay the cost of materials used if the modification had been upon the identical wings belonging to the customer. But the manner in which plaintiff is required to transact this portion of his business affords no means of escape from this tax liability.

Although it is asserted that the sales tax law is being administered in a manner which unfairly discriminates against plaintiff, no evidence was introduced upon this issue. The rulings to which plaintiff refers relate to changes made upon property of the customers which, of course, is not our case.

The judgment is affirmed.

Ford, J., and Files, J., concurred.